UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAYA JALLOW,

           Plaintiff,

-against-

THE CITY OF NEW YORK,

           Defendant.

20-CV-8629 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this action alleging that members of the New York City Police Department (NYPD) falsely arrested and detained him. On January 5, 2021, the Court directed Plaintiff to amend his complaint for the second time to address deficiencies in his pleadings. Plaintiff filed a second amended complaint on March 3, 2021. (ECF No. 9.) After reviewing the submission, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's January 5, 2021 order. Plaintiff sued the City of New York, alleging that police officers from the NYPD violated his rights by arresting and detaining him on August 21 and October 14, 2020, for assault and disorderly conduct respectively. In the January 5, 2021 order, the Court held that Plaintiff failed to state a claim against the City of New York – the sole defendant – because there were no facts in the amended complaint showing that a municipal policy, custom, or practice led to the alleged injuries; Plaintiff failed to state false arrest and imprisonment claims because he did not allege sufficient facts suggesting that the police arrested him without probable cause; Plaintiff failed to state a race-based discrimination claim; and Plaintiff lacked

standing to assert claims under criminal statutes. The Court directed Plaintiff to file a second amended complaint to address these deficiencies and to name as defendants the individuals who were personally involved in the deprivation of his federally protected rights.

Plaintiff filed his second amended complaint with multiple exhibits, including a listing of 911 calls, a police report about a stolen wallet, and documents relating to his arrests. A day after filing the second amended complaint, Plaintiff submitted to the Court a "Motion to Amend Exhibit Packet." (ECF 10.) The packet included the previously submitted exhibits and copies of complaints Plaintiff had filed with the Civilian Complaint Review Board (CCRB) and other government agencies.

Plaintiff starts the complaint with the following statement as the basis for his claims:

> The Plaintiff was slanderously discriminated against on the basis of his race, color, sex, national origin, & familial status as part of a plot to disenfranchise & destitute The Plaintiff that has gone onward to create damages to The Plaintiff due to the hinderous nature of the events outlined in this complaint.

(ECF 9 at 1.) He asserts that he has been the "victim of multiple entrapments attempts and their ensuing cover-ups" and "countless civil liberties violations" that personnel of the City of New York "choose to willfully ignore." (*Id*. at 4.) Plaintiff also claims that because of a "stereotype that has for centuries been associated with [his] race," various city agencies and departments have ignored or obstructed his reports of "corruption, profiling, harassment, discrimination, & attempted disenfranchisement." (*Id*.) Instead, he has been treated as a criminal, with the defendant's agents "going so far as to attempt to incriminate and imprison [him] under false pretenses." (*Id*.)

To further describe his unfair treatment, Plaintiff alleges that on January 15, 2020, a city shelter in Manhattan refused him service, and when he called 911 to report the shelter for forcibly removing him and "attempted destitution of him," his call was ignored

as part of a refusal service campaign that encompassed this retaliation for filing complaints with the [CCRB] regarding the numerous apparent shows of misconducts The Plaintiff was the unfortunate victim of at the hands of the City of New York Police Department, and that just coincidentally happened to ratchet up the expiration of The Plaintiff's ACD.

(*Id*.)

After the City's failure to address his complaints, Plaintiff "would once again become the victim of price gouging, discrimination, and a refusal of several hotel operators, with one's staff even going so far as to fraudulently call the City of New York Police Department on The Plaintiff due to The Plaintiff's race." (*Id*.)

Plaintiff then largely reiterates the same facts concerning his arrests and detentions on August 21 and October 14, 2020. He asserts that on August 21, 2020, he received discriminatory service at a Chipotle restaurant, an employee attacked him, and he defended himself by fighting back. The police were called, and when they arrived they arrested and detained him under "false pretenses" and against his will, charging him with assault. (*Id*. at 5.) Three weeks later, on October 14, 2020, the police arrested Plaintiff for disorderly conduct after he was involved in an altercation with employees at a Food Bazaar Supermarket in Brooklyn, New York. Plaintiff claims that he was not the aggressor and that the police lacked valid reasons to arrest and detain him without his consent.

## DISCUSSION

Plaintiff's second amended complaint fails to remedy the deficiencies that the Court found in the amended complaint. Plaintiff again names the City of New York as the sole defendant and asserts that he is continuously subject to discriminatory practices because of his race, particularly in shelters, and that various city agencies and departments have failed to

address his complaints.[1] He also claims that the City of New York violated his rights when NYPD police officers arrested and detained him. But as in his amended complaint, Plaintiff fails to allege facts suggesting that a municipal policy, custom, or practice caused a deprivation of his federally protected rights. Plaintiff therefore fails to state a claim against the City of New York on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also fails to plead facts suggesting that unidentified NYPD officers arrested him without probable cause for assault on August 21, 2020, or for disorderly conduct on October 14, 2020. Plaintiff admits that on August 21, 2020, he defended himself against a Chipotle employee by fighting back, resulting in his being arrested and charged with assault. And on October 14, 2020, he was involved in another fight with employees of a Food Bazaar, for which he was arrested and charged with disorderly conduct. Plaintiff's allegations suggest that a person of reasonable caution could believe that he had committed a crime and that the police had probable cause to arrest him. *See Ricciuiti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Because Plaintiff does not allege facts showing that unidentified NYPD officers

---

[1] Plaintiff has filed at least seven *pro se* cases in this Circuit, many of which contain claims of discrimination. *See Jallow v. City of New York*, ECF 1:20-CV-8871, 2 (S.D.N.Y. Apr. 22, 2021) (dismissing discrimination and retaliation claims in shelters); *Jallow v. City of New York*, ECF 1:20-CV-8001, 6 (S.D.N.Y. Nov. 30, 2020) (dismissing as duplicate of ECF 1:20-CV-6511, 2); *Jallow v. Dep't of Soc. Servs.*, ECF 1:20-CV-6511, 2 (S.D.N.Y. filed Aug. 14, 2020) (pending case in which he alleges violation of his rights at shelters, including discrimination and retaliation); *Jallow v. City of New York*, ECF 1:20-CV-6260, 2 (S.D.N.Y. filed Aug. 7, 2020) (pending case in which he asserts false imprisonment and involuntary hospitalizations claims); *Jallow v. Airbnb, Inc.*, No. 20-CV-4089 (E.D.N.Y. Dec. 16, 2020) (dismissing complaint with leave to replead; order returned as undeliverable); *Jallow v. The Local Mgmt.*, No. 20-CV-4088 (E.D.N.Y. filed Aug. 25, 2020) (same; second amended complaint pending).

lacked probable cause to arrest him for the two incidents, he fails to state claims for false arrest and false imprisonment.

Plaintiff's second amended complaint includes numerous accusations of discrimination relating to his arrests and detentions, but he does not allege any facts suggesting that anyone treated him differently from other similarly situated individuals or that any such treatment was based on an immutable characteristic – such as race – or any other impermissible factor. Because Plaintiff does not allege facts sufficient to give rise to a plausible inference that he was arrested and detained because of his race, his discrimination claim is also dismissed for failure to state a claim on which relief may be granted.

Plaintiff further attempts to bring new claims of discrimination and retaliation, asserting that the City violated his rights by not answering his countless 911 calls and other complaints, and by first refusing him service and then removing him from a shelter on January 15, 2020. These new claims are dismissed because they are beyond the scope of the original lawsuit and the permitted amendment. *See, e.g.*, *Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

Plaintiff has consented to electronic service. (ECF 3.)

SO ORDERED.

Dated:   May 6, 2021
           New York, New York

                                                                  *Louis L. Stanton*
                                                                     Louis L. Stanton
                                                                        U.S.D.J.